UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV 20-5258 MWF (PLAx)          **Date:  November 13, 2020**
Title:     City of Whittier v. Everest National Insurance Company et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

  Deputy Clerk:                          Court Reporter:
  Rita Sanchez                           Not Reported

  Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
  None Present                           None Present

**Proceedings (In Chambers):**     ORDER GRANTING MOTION TO REMAND [9]


        Plaintiff City of Whittier has moved to remand this action (the "Motion") to the Los Angeles Superior Court.  (Docket No. 9).  Defendant Everest National Insurance Company ("Everest National") filed an opposition.  (Docket No. 12).  Plaintiff filed a reply.  (Docket No. 15).

        The Motion was noticed to be heard on August 10, 2020.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.  Vacating the hearing was also consistent with the General Orders of the Central District in response to the COVID-19 pandemic.

        Plaintiff filed its Complaint on February 26, 2020, in Los Angeles Superior Court.  Plaintiff personally served both Everest National and Defendant Starr on April 21, 2020.  Everest National filed its Notice of Removal on June 12, 2020, which is to say after the deadline of 30 days.  The Notice of Removal referenced Starr to show diversity of citizenship did not aver that Starr consented.  The earliest that Starr could be viewed as consenting to removal was by email on July 7, 2020.

        In superior court, the parties agreed to continue the deadline for Everest National to respond to the Complaint, so that the parties could mediate in good faith.  Everest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-5258 MWF (PLAx)**                    **Date:  November 13, 2020**

Title:      City of Whittier v. Everest National Insurance Company et al.

National argues that stipulation was also a stipulation to waive any objection to an untimely removal notice.

Plaintiff correctly argues that the Notice of Removal was untimely filed. Plaintiff argues that an extension beyond the 30-days cannot be granted.  That is technically correct, but Plaintiff could have agreed to waive its right to challenge the timeliness.

On these facts, however, it does not appear that Plaintiff did so merely by agreeing to extend the response date to its Complaint.  The Court reaches this conclusion reluctantly, in that it would make sense for the parties to focus on mediation.  Nonetheless, removal is neither a demurrer nor an answer; it just isn't a "response" to the Complaint.  The response date in superior court and the deadline for removal are separate deadlines on separate tracks.   When one combines the strict construction of statutes and rules concerning removal, including the inability to stipulate to extend the 30 days, with the specific facts here, the Court determines that the Notice of Removal was untimely.

Based on the untimeliness of the Notice of Removal, this Court need not reach the issue whether the belated e-mail consent of Starr was sufficient to obtain the consent of all defendants.

Accordingly, the Motion is **GRANTED**.  The Clerk of Court is **ORDERED** to return this action to the Superior Court of the State of California for the County of Los Angeles.

IT IS SO ORDERED.